Robert L. Starr (183052)
robert@starrlaw.com
Adam M. Rose (210880)
adam@starrlaw.com
Theodore R. Tang, Esq. (313294)
theodore@starrlaw.com
THE LAW OFFICE OF ROBERT L. STARR, APC
23901 Calabasas Road, Suite 2072
Calabasas, California 91302
Telephone: (818) 225-9040
Facsimile:  (818) 225-9042

Attorneys for Plaintiff
DMITRY KUZNETSOV

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRY KUZNETSOV,<br><br>        Plaintiff,<br><br>    v.<br><br>ASTON MARTIN LAGONDA OF NORTH AMERICA, INC.; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. Violation of the Magnuson-Moss Warranty Act<br>2. Violation of the Song-Beverly Warranty Act<br>3. Breach of Express Warranty<br>4. Breach of Implied Warranty<br>5. Violation of Uniform Commercial Code<br>6. Fraudulent Inducement<br>7. Intentional Misrepresentation<br>8. Breach of Contract<br>9. Breach of Contract – Promissory Estoppel<br>10. Unjust Enrichment<br>11. Quantum Meruit<br>12. Civil Theft<br>13. Conversion<br>14. Declaratory Relief<br>15. Breach of the Implied Covenant of Good Faith and Fair Dealing<br>16. Violation of Business and Professions Code § 17200 |

Plaintiff DMITRY KUZNETSOV, hereby states his causes of actions against

Defendants ASTON MARTIN LAGONDA NORTH AMERICA, INC., and DOES 1 through 10 (collectively "Defendants") as follows:

## PARTIES

1. DMITRY KUZNETSOV, ("Plaintiff") is an adult resident of Los Angeles County, State of California, and was at all times relevant residing therein.

2. Defendant ASTON MARTIN LAGONDA NORTH AMERICA, INC., ("Manufacturer") is a Connecticut Corporation, authorized to conduct business in California. Manufacturer designs, manufactures, constructs, assembles, markets, distributes, and sells motor vehicles and components.

3. All acts and omissions of Defendants' employees, agents, associates, partners, parents, or subsidiaries as alleged herein occurred while they were acting within the course and scope of their duties and Defendants are therefore responsible to Plaintiff under the doctrine of Respondeat Superior and/or other doctrines.

4. Plaintiff is unaware of the true names or capacities of the Defendants sued herein as DOES 1 through 10, inclusive ("Doe Defendants"), and therefore sues said Doe Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend or supplement this Complaint to insert the true names and capacities of such Doe Defendants when such information has been obtained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named Doe Defendants has participated in some way in the wrongful acts and omissions alleged below, and is liable to Plaintiff for damages and other relief to which Plaintiff is entitled.

5. Plaintiff is informed and believes, and based on such information and belief alleges, that at all times relevant, each of the Defendants were and continue to act as the agents, servants, employees, representatives, and/or alter egos of the other, and in doing so, were acting within the scope of their relationship as such agents, servants, representatives, and/or alter egos, with the permission and consent of the remaining Defendants.

-2-
COMPLAINT

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action alleges claims under 15 U.S.C § 2130. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity amongst the parties, and amount in controversy exceeds $75,000 exclusive of interests and costs.

7.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's California state law claims.

8.  Venue is proper in this District because the acts and omission which gave rise to Plaintiff's claims took place in this District, and Defendants transact substantial business in this District.

## ALLEGATIONS RELATED TO LEMON LAW CLAIMS

9.  On or about June 20, 2019, Plaintiff leased a new 2019 Aston Martin DBS Superleggera, Vehicle Identification Number SCFRMHAV2KGR01063 (the "Subject Vehicle"). Defendants provided an express written warranty relating to the Subject Vehicle.

10.  At the time the Subject Vehicle was delivered to Plaintiff, it was not in a merchantable condition, was not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle.

11.  In the time period that followed, the Subject Vehicle failed an unreasonable number of times, did not function properly, and was not safe or reliable.

12.  The problems, defects, and/or nonconformities experienced by Plaintiff were not the result of any misuse on the part of Plaintiff, and were not the result of any modifications made to the Subject Vehicle.

///

///

///

///

-3-
COMPLAINT

## ALLEGATIONS RELATED TO ALL OTHER CLAIMS

13. Upon notifying Defendants of Plaintiff's intent to file a lawsuit, Defendants offered to enter into a settlement agreement (the "Agreement").

14. On or about April 25, 2021, Defendants offered, and Plaintiff agreed, to enter into the Agreement whose relevant terms set forth as follows:

   (a)  Plaintiff would receive payment of $71,589.74, plus an additional $3,000 in attorneys' fees. (See, Exhibit A at ¶ 2.1)

   (b)  Plaintiff would surrender the Subject Vehicle to Defendants (See, *Id.* at ¶ 2.2); and

   (c)  Plaintiff would discharge Defendants from any future claims or causes of action related to the Subject Vehicle (See, *Id.* at ¶ 2.1)

15. Relying on the representations made by Defendants Plaintiff signed the Agreement on April 25, 2021. (See, *Id.* at p. 5)

16. After signing the Agreement, Plaintiff surrendered the Subject Vehicle to Defendants.

17. Defendants never signed the Agreement – even after Plaintiff returned the Subject Vehicle.

18. Plaintiff was reasonable in relying on Defendants' representations in the Agreement because Defendants were in a superior position of knowledge and because Defendants are a known, reputable, and supposedly profitable luxury car manufacturer.

19. Despite Plaintiff having signed the Agreement and returned the Subject Vehicle to Defendants, as of the date of the filing of this Complaint, Defendants have failed and refused to tender payment to Plaintiff under the terms of the Agreement. Defendants have thus breached the Agreement.

20. At no point have Defendants made a good faith attempt to render payment to Plaintiff pursuant to the terms of the Agreement.

///

21. After nearly four (4) months of refusing to carry out the terms of the Agreement, it has become clear that Defendants presented the Agreement to Plaintiff for the purpose of inducing him to return the Subject Vehicle and then refusing to pay Plaintiff in bad faith.

22. Defendants' conduct as alleged herein demonstrates that they misrepresented their ability or intent to discharge their obligations under the terms of the Agreement.

23. Defendants had knowledge that they did not intend to pay Plaintiff pursuant to the terms of the Agreement, but went ahead and presented the Agreement to Plaintiff anyway, and in doing so, induced Plaintiff to return the Subject Vehicle to Defendants without receiving the agreed-upon payment in return.

24. Defendants have attempted to stall and mislead the Plaintiff in receiving his benefits under the terms of the Agreement.

25. Defendants intended to induce reliance so that they could refuse to sign the Agreement, obstruct potential litigation, and refuse to tender payment.

26. Had Plaintiff known Defendants' true intentions, Plaintiff would never have signed the Agreement or returned the Subject Vehicle.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

#### (Against All Defendants)

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

28. The Subject Vehicle and its components are "consumer products" as defined by 15 U.S.C. 2301(1).

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3), and the Subject Vehicle was purchased for personal, family, and household purposes.

30. Defendants are "suppliers" and "warrantors" as defined by 15 U.S.C. §§ 2301(4) and 2301(5).

31. The Subject Vehicle's express written warranty is a "written warranty" as defined by 15 U.S.C. 2301(6).

32. The Subject Vehicle's implied warranty is covered under 15 U.S.C. § 2301(7).

33. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

34. In the express warranty, Defendants expressly warranted that they would repair or replace defects in material or workmanship free of charge if those defects become apparent during the warranty period.

35. Defendants violated the Magnusson-Moss Warranty Act by failing to conform the Subject Vehicle and its components to the express warranties within a reasonable number of attempts or a reasonable amount of time.

36. Defendants have failed to cure their violation of federal law.

37. Prior to commencing this action, Plaintiff afforded Defendants reasonable opportunities to cure the failures and to comply with the Act. Defendants have refused.

38. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff seeks reimbursement for the cost of financing the Subject Vehicle, owning the Subject Vehicle, rescission of the purchase agreement, restitution damages, costs relating to repairing the Subject Vehicle, and attorneys' fees in an amount to be proved at trial.

39. As a direct and proximate result of the violations of Magnuson-Moss, Plaintiff has sustained, and continues to sustain damages in an amount to be proved at trial.

40. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

///

///

///

///

///

## SECOND CAUSE OF ACTION

## VIOLATION OF THE SONG-BEVERLY WARRANTY ACT

## (Against All Defendants)

41. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

42. The Song-Beverly Consumer Warranty Act provides that parties making express warranties with regard to consumer goods shall conform to the federal standards for disclosure of warranty terms set forth in the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 U.S.C. § 2301, et seq.).

43. Under Civil Code § 1793.2(d)(1), if the manufacturer or its representative does not service or repair the goods to conform to applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the lease price paid by the buyer, and/or loan payments and down payment paid by the buyer, less the amount directly attributable to use by the buyer prior to discovery of the nonconformity.

44. Civil Code § 1794(b)(2) provides that the measure of damages under the Song-Beverly Consumer Warranty Act is the right of replacement and reimbursement, as well as the cost of repair necessary to make the consumer goods conform.

45. The intent of the Song-Beverly Act is to protect consumers from warranty fraud and hold manufacturers accountable for their defective products.

46. As alleged herein, Defendants violated the Act by not repairing the Subject Vehicle after a reasonable number of attempts, and after a reasonable number of days out of service.

47. Defendants did not conform the Subject Vehicle to its express warranty after a reasonable number of attempts. The Subject Vehicle still does not conform to its warranty.

///

-7-
COMPLAINT

48. Under the Song Beverly-Act, if a warrantor of a vehicle is unable to repair a vehicle to conform to warranty after a reasonable number of repair attempts, the warrantor of the vehicle, upon demand from the consumer, must reimburse the consumer for the cost of purchasing and owning the vehicle.

49. Here, Plaintiff demanded that Defendants repurchase the Subject Vehicle, however, Defendants willfully refused in violation of the Song-Beverly Act.

50. Pursuant to Civil Code § 1794, Plaintiff seeks reimbursement for the costs of financing, and owning the Subject Vehicle, rescission of the lease/purchase agreement of the Subject Vehicle, restitution damages, reimbursement of costs relating to repairing the Subject Vehicle, attorney's fees, and a civil penalty in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

#### (Against All Defendants)

51. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

52. Defendants expressly warranted that the Subject Vehicle was merchantable, fit for the purpose it was intended, and safely designed and assembled.

53. Defendants breached the express warranty because the Subject Vehicle was not merchantable, fit for its intended purposes, safely designed, or properly assembled.

54. Subsequent to Plaintiff's purchase of the Subject Vehicle, Plaintiff complained on several occasions that the Subject Vehicle was not functioning properly.

55. Plaintiff made reasonable attempts to have the Subject Vehicle repaired, however, Defendants did not properly repair the Subject Vehicle within a reasonable amount of time.

///

-8-
COMPLAINT

56. As a direct and proximate result of Defendants' breach of express warranty, the value of the Subject Vehicle is substantially less than reasonably expected by Plaintiff.

57. Plaintiff requested Defendants to release the Subject Vehicle pursuant to California law, but Defendants have willfully refused thereby justifying an award of a civil penalty pursuant to Civil Code § 1794.

58. Plaintiff suffered incidental and consequential damages as a result of the breach.

59. Pursuant to Civil Code § 1794, Plaintiff also seeks reimbursement for the cost of financing the Subject Vehicle, owning the Subject Vehicle, rescission of the purchase agreement, restitution damages, costs relating to repairing the Subject Vehicle, and attorneys' fees in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

### (Against All Defendants)

60. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

61. At the time Plaintiff purchased the Subject Vehicle, Defendants impliedly warranted that the Subject Vehicle was of merchantable quality and that it was fit for its intended use.

62. Defendants breached the implied warranty in that the Subject Vehicle was not of merchantable quality and was not fit for its intended use.

63. The Subject Vehicle contained multiple manufacturer defects, defects in assembly, design defects, and other defects, rendering the vehicle unsafe and making it impossible for Plaintiff to use the vehicle without inconvenience, failure, and mechanical breakdown.

///

-9-
COMPLAINT

64. As a direct and proximate result of Defendants' breach, the Subject Vehicle is virtually useless due to the frequency of breakdown, the safety hazards associated with using the Subject Vehicle, and the amount of time the Subject Vehicle was out of service due to repair attempts.

65. Plaintiff demanded that Defendants repurchase the Subject Vehicle pursuant to California law. Defendants have refused.

66. Pursuant to Civil Code §§ 1793.2 and 1794, Plaintiff seeks reimbursement for the cost of financing the Subject Vehicle, owning the Subject Vehicle, repairing the Subject Vehicle, attorneys' fees, and a civil penalty in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF UNIFORM COMMERCIAL CODE

### (Against All Defendants)

67. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

68. At the time the Subject Vehicle was sold to Plaintiff, it contained multiple manufacturer defects, defects in assembly, defects in design, and other defects which rendered the Subject Vehicle unsafe for use and making it impossible for Plaintiff to use the Subject Vehicle without substantial inconvenience and mechanical failure.

69. Commercial Code § 1203 proscribes the duty of parties to deal with each other in good faith. This parallels the Lemon Law concept regarding charging a civil penalty for willfully refusing to act in good faith.

70. Commercial Code § 2602 covers the manner and effect of rejecting goods. Here, Plaintiff has properly rejected the Subject Vehicle.

///

///

///

-10-
COMPLAINT

71.   Commercial Code § 2607 relates to establishing a supplier breach subsequent to the acceptance of goods. At the time Plaintiff purchased the Subject Vehicle, Plaintiff believed the Subject Vehicle conformed to factory specifications, but subsequently learned the Subject Vehicle did not conform. Consequently, Defendants breached its warranty contract with Plaintiff.

72.   When Plaintiff purchased the Subject Vehicle from Defendants, Plaintiff did so based upon the mutual understanding with Defendants that the Subject Vehicle conformed to factory specifications.

73.   Plaintiff subsequently learned that the Subject Vehicle did not conform. Consequently, Defendants breached its agreement with Plaintiff.

74.   As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff purchased a virtually useless vehicle due to the frequency of breakdowns, the safety hazards associated with using the Subject Vehicle, and the amount of time the Subject Vehicle was out of service due to repair attempts made by Defendants.

75.   Commercial Code § 2608 covers revocation of acceptance. Plaintiff hereby revokes acceptance of the Subject Vehicle because it does not conform to warranty specifications.

76.   When Plaintiff entered into the purchase and took delivery of the Subject Vehicle, Defendants represented that said Subject Vehicle was of merchantable and good quality.

77.   Under the terms of the purchase agreement, Plaintiff paid good and valuable consideration.

78.   Subsequent to taking possession of the Subject Vehicle, Plaintiff learned that the Subject Vehicle was not in good and merchantable condition.

79.   Plaintiff will suffer substantial harm and injury under if the purchase agreement is not rescinded since Plaintiff will be deprived of the benefit of the bargain in that the Subject Vehicle is significantly inferior to the vehicle Plaintiff bargained and paid for.

-11-
COMPLAINT

80. Plaintiff intends for the service of summons and complaint to serve as further notice of rescission of the purchase agreement and hereby demands Defendants restore to Plaintiff's consideration furnished pursuant to the purchase agreement.

81. Plaintiff further demands that Defendants reimburse the consequential damages incurred as a result of Plaintiff's purchase/lease of the Subject Vehicle.

82. As a result of entering into the purchase agreement with Defendants, Plaintiff incurred expenses in addition to those alleged above. Plaintiff will seek leave to amend this complaint to insert the true amount of those expenses when they are ascertained.

83. Further, as a direct and proximate result of Defendants' breach alleged herein, Plaintiff suffered incidental and consequential damages in an amount to be proved at trial.

## SIXTH CAUSE OF ACTION

## FRAUDULENT INDUCEMENT

### (Against All Defendants)

84. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

85. By accepting Plaintiff's return of the Subject Vehicle, Defendants promised to perform all of their obligations contained in the Agreement.

86. This fraudulent promise was intended to deceive and defraud Plaintiff, and was intended to induce Plaintiff to execute the Agreement and surrender the Subject Vehicle to Defendants.

87. Plaintiff relied on Defendants' promise by entering into, and performing his duties under the terms of the Agreement. By contrast, It is Plaintiff's information and belief that Defendants never had any intention of performing under the terms of the Agreement and still have not performed under the Agreement.

///

-12-
COMPLAINT

88. Plaintiff's reliance was justified based on his reasonable belief that Defendants were dealing with him fairly, honestly, and in good faith, and because there was nothing to lead him to believe that Defendants would defraud him.

89. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff has suffered damages in excess of $75,000.

90. Because the actions of Defendants were carried out willfully, wantonly, and maliciously, Plaintiff is entitled to punitive damages in an amount which will deter the Defendants and others from engaging in the type of egregious conduct alleged herein. The officers and directors of Defendants actively participate in and ratified said fraudulent conduct.

**SEVENTH CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION**

**(Against All Defendants)**

91. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

92. As alleged herein, Defendants presented Plaintiff with the Agreement whereby in exchange for Plaintiff's execution of the Agreement and surrender of the Subject Vehicle, Plaintiff would receive payment.

93. As alleged herein, Defendants misrepresented their intention to tender payment to Plaintiff as reflected by the terms of the Agreement.

94. It is Plaintiff's information and belief that Defendants knew of the falsity of their representations within the terms of the Agreement, but went ahead and presented the Agreement to Plaintiff anyway—all while knowing, or having reason to know, that Plaintiff would justifiably rely on Defendants' representations as expressed within the Agreement.

95. Plaintiff justifiably relied on Defendants' representations by executing the Agreement and surrendering the Subject Vehicle to Defendants.

96.  Despite Plaintiff's discharge of his obligations under the Agreement, Defendants have failed and refused to discharge their obligation to tender payment to Plaintiff.

97.  As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff has suffered damages in excess of $75,000.

98.  Plaintiff further seeks rescission, incidental and consequential damages, and attorney's fees and costs in an amount to be proven at the time of trial.

99.  Because the conduct of Defendants as alleged herein was motivated by fraud, oppression, or malice, Plaintiff is entitled to an award of punitive damages in an amount which will deter Defendants and others from engaging in the fraudulent conduct alleged herein. The officers and directors of Defendants actively participate in and ratified said fraudulent conduct.

## EIGHTH CAUSE OF ACTION

### BREACH OF CONTRACT

### (Against All Defendants)

100. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

101. Defendants have breached material terms of a contract as alleged herein.

102. Plaintiff has performed all conditions, covenants, and promises required of him within the terms and conditions of the Agreement except those which were waived, excused, unenforceable, unconscionable, frustrated or from which Plaintiff was prevented from performing.

103. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered damages and other expenses proximately caused by such breach in an amount to be determined at trial.

///

///

-14-

COMPLAINT

## NINTH CAUSE OF ACTION

### BREACH OF CONTRACT – PROMISSORY ESTOPPEL

### (Against All Defendants)

104. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

105. As alleged herein, Plaintiff entered into the Agreement with Defendants on April 25, 2021.

106. Despite Defendants' refusal to execute the Agreement, the mutual intent of the parties is demonstrated through Plaintiff's execution of the Agreement; his surrender of the Subject Vehicle to Defendants; and Defendants' receipt and retaining possession of the Subject Vehicle.

107. Plaintiff has performed all conditions, covenants, and promises required of him within the terms and conditions of the Agreement except those which were waived, excused, unenforceable, unconscionable, frustrated or from which Plaintiff was prevented from performing.

108. Plaintiff justifiably relied on Defendants' representations within the terms of the Agreement, and based on this reliance, executed the Agreement, and parted with something of value – the Subject Vehicle.

109. Defendants never performed any part of their promises, assurances, or representations as set forth within the Agreement.

110. As a direct and proximate result of Defendants' failure to perform according to their promises, assurances, and representations as alleged herein, Plaintiff has suffered damages and other expenses in an amount to be proved at trial.

///

///

///

///

-15-
COMPLAINT

## TENTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### (Against All Defendants)

111. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

112. Defendants have received and retained a benefit at Plaintiff's expense by accepting Plaintiff's surrender of the Subject Vehicle without compensating Plaintiff in exchange.

113. Defendants have received and retained unjust benefits from Plaintiff, and it would therefore be inequitable and unconscionable for Defendants to retain these benefits.

114. Because of Defendants' fraudulent conduct as alleged herein, Plaintiff was not aware of the true facts concerning the Subject Vehicle and has in no way benefitted from Defendants' misconduct.

115. As a direct and proximate result of Defendants' misconduct, Defendants have been unjustly enriched, and Plaintiff has suffered damages and other expenses proximately caused by such unjust enrichment in an amount to be proved at trial.

## ELEVENTH CAUSE OF ACTION

### QUANTUM MERUIT

### (Against All Defendants)

116. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

117. Plaintiff signed the Agreement and surrendered the Subject Vehicle to Defendants.

118. Defendants never signed the Agreement.

///

-16-

COMPLAINT

119. Notwithstanding Defendants' failure to execute the Agreement, Defendants accepted delivery of the Subject Vehicle.

120. Despite acceptance of the Subject Vehicle, as of the date of this Complaint, Defendants have retained possession of the Subject Vehicle for their own benefit without compensating Plaintiff.

121. Plaintiff has been damaged by surrendering the Subject Vehicle without receiving compensation.

122. Plaintiff is entitled to the fair and reasonable value of the Subject Vehicle in an amount to be proved at trial.

## TWELFTH CAUSE OF ACTION

### CIVIL THEFT

### (Against All Defendants)

123. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

124. Theft by false pretense is defined in the California Penal Code as (1) knowingly and intentionally deceiving someone by knowingly making a false representation; (2) the false pretense was made intending to persuade plaintiff to let defendant take possession of plaintiff's property; and (3) plaintiff relied on the false pretense and let the defendant take possession and ownership of the property. (See, Cal. Pen. Code § 484).

125. In California, theft by false pretenses is committed if defendant (1) intends to deceive plaintiff, and (2) makes a promise that defendant does not intend to fulfill.

126. Penal Code § 496(c) provides that any person "who has been injured by a violation of [§ 496(a)]…may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorneys fees." (Cal. Pen. Code, § 496(c)).

///

-17-

COMPLAINT

127. It is Plaintiff's information and belief that Defendants knowingly and intentionally made the false statements as alleged herein for the sole purpose of deceiving Plaintiff into returning the Subject Vehicle without receiving agreed-upon payment in return. The surrender of the Subject Vehicle by Plaintiff was predicated upon the understanding that payment to Plaintiff would be immediate. Defendant knew that it was to tender payment immediately to Plaintiff, however Defendant had no intention of tendering payment immediately, and it is Plaintiff's information and belief after approximately 4 months, based upon Defendant's actions, that Defendant does not intend to tender payment.

128. Defendants made these false statements with the intent to persuade Plaintiff to execute the Agreement and surrender the Subject Vehicle.

129. As a direct and proximate result of Defendants' civil theft, Plaintiff has suffered damages and other expenses proximately caused by such conduct in an amount to be determined at trial.

130. Plaintiff is entitled to three times actual damages, costs of this suit, and attorney's fees.

## THIRTEENTH CAUSE OF ACTION

### CONVERSION

### (Against All Defendants)

131. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

132. At all times relevant, the Subject Vehicle was the lawful property of Plaintiff.

133. Plaintiff, having been defrauded and misled by Defendants, demanded that Defendants return the Subject Vehicle to Plaintiff or compensate Plaintiff.

134. Defendants wrongfully exerted dominion and control over the Subject Vehicle by refusing to return the Subject Vehicle to Plaintiffs and/or refusing to tender payment pursuant to the terms of the Agreement.

-18-
COMPLAINT

135. As a direct and proximate result of Defendants' conversion as alleged herein, Plaintiff has suffered damages in an amount to be determined at trial.

136. Because the actions of Defendants were carried out willfully, wantonly, maliciously, and/or in grossly negligent fashion, Plaintiff is entitled to punitive damages in an amount which will deter the Defendants and others from engaging in the type of egregious conduct alleged herein. The officers and directors of Defendants knowingly and actively participated in said fraudulent conduct, justifying an award of punitive damages.

## FOURTEENTH CAUSE OF ACTION
## DECLARATORY RELIEF
### (Against Aston Martin)

137. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

138. An actual controversy has arisen and now exists between Plaintiff and Manufacturer regarding whether a valid contract exists; whether Plaintiff is entitled to payment under the Agreement; and the amount of Plaintiff's damages.

139. A declaratory judgement is necessary in that Plaintiff contends that Defendant has no authority to refuse discharging its obligations under the terms of the Agreement. Defendant appears to contend, without substantiation or specification, that Plaintiff is somehow entitled to nothing.

140. Plaintiff is informed and believes, and based on such information and belief alleges, that all parties necessary to the resolution of this matter are before the Court.

141. This action does not seek the mere giving of legal advice or an advisory opinion, but instead seeks a declaratory judgment as to the rights of the Plaintiff. Specifically, the Agreement requires Manufacturer to tender payment to Plaintiff upon Plaintiff's execution of the Agreement and delivery of the Subject Vehicle. Because Plaintiff has discharged these duties, Defendant is liable to Plaintiff.

142. Based on the foregoing, Plaintiff requests that this Court issue a declaratory judgment against Warrantor finding that:

    (a)   Plaintiff has discharged his duties under the terms of the Agreement

    (b)   Manufacturer has no good faith or reasonable basis for refusing to discharge their duties under the terms of the Agreement; and

    (c)   Manufacturer is liable to Plaintiff for the amount stated in the Agreement, as well as all damages due to their bad faith conduct.

## FIFTEENTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against All Defendants)

143. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

144. The covenant of good faith and fair dealing is implied into every contract, and it requires that neither party do anything which will deprive the other of the benefits of the agreement.

145. Plaintiff had a written contractual relationship with Defendants under the Agreement.

146. Pursuant to the terms of the Agreement, Defendants owed Plaintiff a duty to fairly, timely, and properly compensate Plaintiff, and to promptly provide Plaintiff the benefits to which he was entitled under the terms of the Agreement.

147. Defendants owed Plaintiff an implied duty of good faith and fair dealing under the Agreement.

148. The acts and omissions of Defendants as alleged herein, and yet to be discovered in this matter, constitute bad faith. Specifically, Defendants have refused to compensate Plaintiff as alleged herein and have failed to act in good faith.

149. Plaintiff has sustained damages as a result of Defendants' bad faith.

-20-
COMPLAINT

150. Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorneys' fees relating to the prosecution of this claim.

151. Because Defendants' wrongful actions were carried out willfully, wantonly, and in bad faith, Plaintiff is entitled to seek punitive damages in an amount which will deter Defendants and others from engaging in the type of egregious conduct alleged herein. It is alleged that the officers and directors of Defendants knowingly permitted, ratified, and participated on some level in the wrongful conduct alleged herein.

## SIXTEENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

### (Against Dealer and Doe Defendants)

152. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

153. California Business and Professions Code § 17200 prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice" and "unfair, deceptive, untrue, or misleading advertising."

154. Pursuant to California Vehicle Code § 9993, automobile dealers are not permitted to respond to the inquiry of a vehicle purchaser in an untruthful or misleading manner.

155. Furthermore, pursuant to California Vehicle Code § 11713, it is unlawful for any automobile manufacturer licensed by the state of California to disseminate any statement which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

156. Defendants disseminated false and misleading statements to Plaintiff as alleged herein.

157. Defendants actively concealed that they had no intention of paying Plaintiff even after Plaintiff delivered the Subject Vehicle to Defendants.

-21-

COMPLAINT

158. Defendants' misleading representations and concealment as alleged herein was a knowing, unlawful, and unfair business practice, and was specifically designed to induce Plaintiff into entering into the Agreement and returning the the Subject Vehicle under false pretenses.

159. The facts concealed are, by their very nature, material facts that a reasonable person would have considered when deciding whether or not to enter into the Agreement. Had Plaintiff known the true facts and circumstances, Plaintiff would have neither entered into the Agreement, nor returned the Subject Vehicle to Defendants.

160. Defendants have, by their concealment and false statements, engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

161. Defendants' unfair and deceptive acts and practices deceived Plaintiff, who would not have entered into the Agreement or returned the Subject Vehicle had Plaintiff known the true facts.

162. Defendants have been unjustly enriched and should be required to make restitution to Plaintiff pursuant to California Business and Professions Code §§ 17203 and 17204.

## JURY DEMAND

163. Plaintiff hereby demands a trial by jury on all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

First Cause of Action

1. Incidental and consequential damages

2. Rescission of the lease/purchase agreement of the Subject Vehicle

3. For attorneys' fees and costs

4. A civil penalty according to proof

5. Pre-judgment interest; and

6. For other relief that this Court deems just and proper.

<u>Second Cause of Action</u>

1.  Incidental and consequential damages

2.  Rescission of the lease/purchase agreement of the Subject Vehicle

3.  For attorneys' fees and costs

4.  A civil penalty according to proof

5.  Pre-judgment interest; and

6.  For other relief that this Court deems just and proper.


<u>Third Cause of Action</u>

1.  Incidental and consequential damages

2.  Rescission of the lease/purchase agreement of the Subject Vehicle

3.  For attorneys' fees and costs

4.  A civil penalty according to proof

5.  Pre-judgment interest; and

6.  For other relief that this Court deems just and proper.


<u>Fourth Cause of Action</u>

1.  Incidental and consequential damages

2.  Rescission of the lease/purchase agreement of the Subject Vehicle

3.  For attorneys' fees and costs

4.  A civil penalty according to proof

5.  Pre-judgment interest; and

6.  For other relief that this Court deems just and proper.

///

///

///

///

///

-23-
COMPLAINT

Fifth Cause of Action

1.  Incidental and consequential damages

2.  Rescission of the lease/purchase agreement of the Subject Vehicle

3.  For attorneys' fees and costs

4.  A civil penalty according to proof

5.  Pre-judgment interest; and

6.  For other relief that this Court deems just and proper.

Sixth Cause of Action

1.  For actual damages

2.  For incidental and consequential damages

3.  For rescission damages

4.  For punitive damages

5.  For attorneys' fees and costs

6.  Pre-judgment interest; and

7.  For other relief that this Court deems just and proper.

Seventh Cause of Action

1.  For actual damages

2.  For incidental and consequential damages

3.  For rescission damages

4.  For punitive damages

5.  For attorneys' fees and costs

6.  Pre-judgment interest; and

7.  For other relief that this Court deems just and proper.

///

///

///

-24-
COMPLAINT

<u>Eighth Cause of Action</u>

1. For actual damages

2. Consequential damages

3. Prejudgment interest

4. Attorneys' fees and costs

5. Other relief that this Court deems just and proper.


<u>Ninth Cause of Action</u>

1. For actual damages

2. Consequential damages

3. Prejudgment interest

4. Attorneys' fees and costs

5. Other relief that this Court deems just and proper.


<u>Tenth Cause of Action</u>

1. For actual damages

2. Consequential damages

3. Prejudgment interest

4. Attorneys' fees and costs

5. Other relief that this Court deems just and proper.


<u>Eleventh Cause of Action</u>

1. For actual damages

2. Consequential damages

3. Prejudgment interest

4. Attorneys' fees and costs

5. Other relief that this Court deems just and proper.

-25-

COMPLAINT

Twelfth Cause of Action

1. For actual damages

2. For treble damages

3. Prejudgment interest

4. Attorneys' fees and costs

5. Other relief that this Court deems just and proper.

Thirteenth Cause of Action

1. For actual damages

2. For incidental and consequential damages

3. For punitive damages

4. For attorneys' fees and costs

5. Pre-judgment interest; and

6. For other relief that this Court deems just and proper.

Fourteenth Cause of Action

1. For a declaratory judgment finding that:

(a) Plaintiff has discharged his duties under the terms of the Agreement

(b) Manufacturer has no good faith or reasonable basis for refusing to discharge their duties under the terms of the Agreement; and

(c) Manufacturer is liable to Plaintiff for the amount stated in the Agreement, as well as all damages due to their bad faith conduct.

2. For reasonable attorneys' fees and costs as permitted by law

3. For other relief that this Court deems just and proper.

///

///

///

///

-26-
COMPLAINT

Fifteenth Cause of Action

1.  For actual damages

2.  For incidental and consequential damages

3.  For punitive damages

4.  For attorneys' fees and costs

5.  Pre-judgment interest; and

6.  For other relief that this Court deems just and proper.


Sixteenth Cause of Action

1.  Restitution of all wrongfully withheld money pursuant to Business and Professions Code section 17203, inclusive of recission damages and incidental and consequential damages

2.  Attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5

3.  Pre-judgment interest; and

4.  For other relief that this Court deems just and proper.


Date: August 17, 2021                                    LAW OFFICE OF ROBERT L. STARR

_____
Robert L. Starr
Adam M. Rose
Theodore R. Tang
Attorney for Plaintiff
DMITRY KUZNETSOV

-27-
COMPLAINT